UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

IN RE:                                                  Case No.: 6:16-bk-01611
                                                        Chapter 11
VALENCIA COLLEGE                                        EIN: 59-3548596
SHOPPING CENTER, LTD.

   Debtor.
_____/

### APPLICATION OF VALENCIA COLLEGE SHOPPING CENTER, LTD TO RETAIN COUNSEL FOR DEBTOR-IN-POSSESSION

  **COMES NOW, VALENCIA COLLEGE SHOPPING CENTER, LTD** ("Valencia," the "Debtor" or "Applicant"), as debtor-in-possession, and hereby seeks authorization to employ Jeffrey S. Ainsworth and BransonLaw, PLLC ("BL") as its counsel in this case respectfully representing as follows in support:

  1. On March 10, 2016, Applicant filed a petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). No trustee having been appointed, the Debtor is operating as debtor-in-possession under §§ 1107(a) and 1108 of the Bankruptcy Code.

  2. The Applicant desires to employ Jeffrey S. Ainsworth ("Ainsworth") and BL, pursuant to § 327(a) of the Bankruptcy Code, to assist the Debtor in its bankruptcy case.

  3. BL has been selected for the reason that BL has considerable experience in matters of this nature and the applicant believes that it is well-qualified to represent the Debtor.

  4. The professional services the firm is to render include:

   (a) prosecute and defend any causes of action on behalf of the Debtor; prepare, on behalf of the Debtor, all necessary applications, motions, reports and other legal papers;

   (b) assist in the formulation of a plan of reorganization and preparation of disclosure statement;

1

(c)     provide all other services of a legal nature.

5.      Because of the extensive nature of the services to be rendered, the Applicant desires to retain BL under a general retainer.

6.      BL has represented the Debtor since March 4, 2016, in connection with (i) the feasibility of a workout or the filing of a petition under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"); and (ii) providing assistance in the preparation of and filing of this case.

7.      To the best of the Debtor's knowledge, BL neither holds nor represents any interest adverse to the estate, has no connection with the creditors, any party in interest, its respective attorneys and accountants, the United States Trustee, or any other persons employed by the United States Trustee, except as otherwise disclosed herein. BL is not a creditor of this estate.

8.      The terms of employment, agreed to between the Debtor and BL, subject to the approval of the Court, are that services will be billed at the standard hourly rates of the respective attorneys and paralegals of BL, which rates range from $350.00 to $100.00. BL will apply its advance fee to its periodic billings subject to interim and final applications for compensation and approval by the Court, and at an appropriate time, BL may make application for an award of additional compensation; and the Debtor, subject to Court approval, shall be responsible for all fees and expenses incurred by BL.

9.      Prior to the commencement of this case, the a third party on behalf of the Debtor paid an advance fee of $10,000.00 for post-petition services and expenses in connection with this case and the filing fee of $1,717.00.

10.     The Debtor, through a third party, has previously paid BL $3,540.00 on a current basis, for services rendered and costs incurred prior to the commencement of this case, including the preparation of the petition.

11.     The Applicant believes that the employment of BL would be in the best interests of the estate.

2

**WHEREFORE**, the applicant requests the Court to authorize employment of Jeffrey S. Ainsworth and BransonLaw, PLLC, as bankruptcy counsel for the debtor-in-possession in this case and for such other relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 10th day of March, 2016.

                        **VALENCIA COLLEGE SHOPPING CENTER, LTD**

                        _/s/ Kyungho So_    3/10/2016
                        Kyungho So
                        President of Marque Development Group Corp
                        General Partner of Valencia College Shopping Center, LTD

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

IN RE:                                               Case No.: 6:16-bk-
                                                                        Chapter 11

VALENCIA COLLEGE                       EIN: 59-3548596
SHOPPING CENTER, LTD.

           Debtor.
_____/

**<u>VERIFIED STATEMENT OF PROPOSED ATTORNEY AND DISCLOSURE OF
COMPENSATION</u>**

Jeffrey S. Ainsworth of BransonLaw, PLLC. ("BL"), submits the following statement in compliance with 11 U.S.C. Section 328 (a) and 329 (a) and F.R.B.P. 2014 and 2016, and says:

1. I am an attorney admitted to practice in the State of Florida and before this Court.

2. I am an attorney with BransonLaw, PLLC

3. No attorney in BL is a relative of the Debtor.

4. No attorney in BL is a general partner or a limited partner of the partnership in which the Debtor is also a general or limited partner.

5. BL does not presently represent any creditors, any party to an executory contract of the Debtor, or any person otherwise adverse or potentially adverse to the Debtor or the estate on any matter, whether such representation is related or unrelated to the Debtor or the estate.

6. Subject to approval of the Bankruptcy Court, the Debtor has paid or agreed to pay compensation to BL for services rendered or to be rendered by BL in contemplation of or in connection with this case as follows:

4

(a) reasonable compensation for actual, necessary services rendered by BL, based on the nature, the extent and the value of such services, the time spent on such services, and the cost of comparable services other than in the case under 11 U.S.C. Section 101, et seq.;

(b) reimbursement for actual, necessary expenses;

(c) The sum of $3,540.00 was paid for legal services rendered prior to the filing of this case for the Debtor; $11,717.00 was taken into account by BL as a retainer. This sum came from a third party. The sum of $10,000.00 was designated as attorney's fees and $1,717.00 for filing fee.

7. The source of the compensation agreed to be paid hereinafter is the Debtor or a third party.

8. BL has not agreed to share the compensation with any other entity, other than with members or regular associates of the BL.

9. Neither BL nor any of its attorneys have represented the Debtor other than in connection with this case or related matters pre-petition. BL neither holds a direct or indirect equity interest in the Debtor, including stock, stock warrants, a partnership interest in the Debtor nor has a right to acquire such an interest.

10. Neither BL nor any of its attorneys has served as an officer, director, limited partner, general partner or employee of the Debtor within two years before the petition filing.

11. Neither BL nor any of its attorneys is in control of the Debtor or is a relative of an officer, director, general partner, limited partner or other person in control of the Debtor.

12. Neither BL nor any of its attorneys is or has served as an officer, director, or employee of a financial advisor which has been engaged by the Debtor in connection with the offer, sale or issuance of a security of the Debtor within two years before filing of the petition.

13. Neither BL nor any of its attorneys has represented a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor within three years before the filing of the petition.

14. Neither BL nor any of its attorneys presently represents a creditor, general partner, limited partner, lessor, lessee, party to an executory contract of the Debtor, or person otherwise adverse or potentially adverse to the Debtor or estate, on any matter, whether such representation is related or unrelated to the Debtor or the estate nor on any matter substantially related to the bankruptcy case.

15. Neither BL nor any of its attorneys represents an insider of the Debtor or any affiliate of the Debtor.

16. Neither BL nor any of its attorneys has any other connection with the Debtor, creditors, or any other parties in interest, direct or indirect, or their respective attorneys and accountants, which may be affected by the proposed representation.

17. Neither BL nor any of its attorneys has any other interest, direct or indirect, which may be affected by the proposed representation.

I declare under penalty of perjury under the laws of the United State of America that the foregoing is true and correct.

Executed on March 10th, 2016.

/s/ Jeffrey S. Ainsworth
Jeffrey S. Ainsworth, Esquire
Florida Bar No.: 060769
E-mail: *jeff@bransonlaw.com*
**BransonLaw PLLC**
1501 E. Concord Street
Orlando, Florida 32803
Telephone: (407) 894-6834
Facsimile: (407) 894-8559
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:                                                                Case No.: 6:
                                                                      Chapter 11
VALENCIA COLLEGE SHOPPING CENTER, LTD    EIN: 59-3548596
    Debtor.
_____/

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the **APPLICATION OF VALENCIA COLLEGE SHOPPING CENTER, LTD, TO RETAIN COUNSEL FOR DEBTOR-IN-POSSESSION,** has been furnished either electronically and/or by U.S. First Class mail, postage prepaid: Debtor; **The Office of the United States Trustee,** Attn: United States Trustee, Orlando, George C. Young Federal Building, 400 West Washington Street, Suite 3100, Orlando, Florida 32801; and the Local Rule 1007-2 Parties-In-Interest list, as shown on the matrix attached to the original of this application filed with the Court this 10th day of March, 2016.

                                            /s/ Jeffrey S. Ainsworth
                                            Jeffrey S. Ainsworth, Esquire
                                            **BransonLaw, PLLC**

```
Label Matrix for local noticing      081 Italina TakeOut, LLC           Bardhyl Jakova
113A-6                               707 N. Goldenrod Road              707 N. Goldenrod Road
Case 6:16-bk-01611                   Suite D                            Suite A
Middle District of Florida           Orlando, FL 32807-6286             Orlando, FL 32807-6286
Orlando
Thu Mar 10 15:47:18 EST 2016

Florida Department of Revenue        Internal Revenue Service           J&S Enterprises USA, LLC
Bankruptcy Unit                      Post Office Box 7346               c/o Law Office
Post Office Box 6668                 Philadelphia PA 19101-7346         Stephen M. Stone
Tallahassee FL 32314-6668                                               725 N. Magnolia Avenue
                                                                        Orlando, FL 32803-3808


Marangeli Molina                     Orange County Tax Collector        Value Environmental Services
707 N. Goldenrod Road                PO Box 545100                      9608 128th Terrace North
Suite B                              Orlando FL 32854-5100              # 102
Orlando, FL 32807-6286                                                  Largo, FL 33773-1223
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Orange County Tax Collector       End of Label Matrix
P.O. Box 545100                      Mailable recipients     8
Orlando, FL 32854-5100               Bypassed recipients     1
                                     Total                   9
```